1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HERMAN BARNES, JR.,<br><br>              Petitioner,<br><br>    v.<br><br>PEGGY SUE JUERGENS, *et al.*,<br><br>              Respondent. | Case No.  C06-5060 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br> August 25, 2006 |

       This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner filed this action under 28 U.S.C. § 2241, arguing that his conviction is unconstitutional because on appeal, his counsel refused to raise the insanity defense.  The undersigned recommends the petition be dismissed with prejudice as it is time barred.

FACTS

       Petitioner challenges his 1993 federal court conviction, following a bench trial, for armed bank robbery, use of a firearm during a crime of violence, and being a felon in possession of a firearm.  (Case No. CR-92-380-1-JET; Dkt. # 61).  On June 25, 1993, petitioner was sentenced to 270 months imprisonment followed by five years supervised release.  (Id. at Dkt. # 84, 86).

       Petitioner appealed to the Ninth Circuit, arguing that the District Court erred in not departing downward, because he was coerced into committing the crimes.  (Id. at Dkt. # 87 (Notice of

REPORT AND RECOMMENDATION
Page - 1

Appeal)); *See also,* United States of America v. Herman Barnes, Jr., 46 F.3d 1146 (9th Cir. 1995, unpub. op.)). The Ninth Circuit affirmed the decision of the District Court on January 13, 1995, holding that:

> "failure to depart, when the record is silent on the issue of authority, and sentence is imposed within the applicable guideline range, is not unlawful and is not appealable on that basis." U.S. v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir. 1991).

Id.

After reviewing the petition prior to service, this court noted that petitioner was challenging the constitutionality of his sentence (a § 2255 action), and ordered petitioner to show cause why his petition should not be dismissed as time barred. (Dkt. # 5). In response, petitioner stated that while he waived his right to a jury trial, he did not waive his insanity defense. (Dkt. # 6). Petitioner also claimed that his appellate counsel advised him that she was not appointed to represent him on a 2255 petition, but that he could raise the issue of his competency in a 2255 petition. (Id.). Attached as Exhibit B to petitioner's response, is a letter from petitioner's appellate counsel, dated September 12, 1994, in which his counsel states:

> Your request that I obtain the medical records is not within the scope of my charge to represent you on your appeal, so I cannot obtain the medical records. You are no doubt aware that you could raise the issue of your competency in a 2255 petition. I am not appointed to represent you on the petition, but I have enclosed the petition for your information.

(Id. at Exh. B).

Petitioner signed his petition for writ of habeas corpus on January 29, 2006, over eleven years later.

## EVIDENTIARY HEARING

A district court must grant a federal habeas petitioner's motion for an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. United States v. Rodriquez, 347 F.3d 818, 824 (9th Cir. 2003). A defendant is not entitled to a hearing unless the defendant (1) alleges specific facts which, if true, would entitle him to relief; and (2) the petition, files and record of the case cannot conclusively show that he is entitled to no relief. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).

REPORT AND RECOMMENDATION
Page - 2

Petitioner has not sought a hearing in this matter. Additionally, petitioner is not entitled to a hearing as the motion, files and records of the case conclusively show that his petition is time barred.

## DISCUSSION

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2255, which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In 1993, when the district court entered judgment against petitioner and he was sentenced, there was no limit on the time within which he could file a motion under § 2255. *See* 28 U.S.C. § 2255 (1994) ("A motion for such ruling can be brought at any time."). Under AEDPA, however, federal prisoners are required to bring a collateral attack under § 2255 within one year of the date their conviction becomes final. *See* 28 U.S.C. § 2255. Like all defendants whose convictions became final before AEDPA's enactment, petitioner was entitled to a one-year grace period after AEDPA's effective date to file his § 2255 motion. *See* Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). That grace period expired on April 26, 1997. Therefore, petitioner's motion filed on January 29, 2006, was filed well beyond the expiration of the statute of limitations.

There is also nothing in the record to suggest that the statute of limitations is subject to

REPORT AND RECOMMENDATION
Page - 3

equitable tolling. Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted). Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d at 714).

Here, the record indicates that petitioner was aware that he could raise the issue of his competency in a 2255 petition at the latest when he received the September 12, 1994 letter from his appellate counsel. Although he was given an opportunity to provide the court with an explanation for the lateness of his filing, he has failed to do so. There is no indication that extraordinary circumstances beyond petitioner's control made it impossible for him to file his petition on time.

## CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 25, 2006**, as noted in the caption.

Dated this 2nd day of August, 2006.

Karen L. Strombom
United States Magistrate Judge